NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAMERRON L. BRADBERRY,**
*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2025-1112

---

Petition for review of the Merit Systems Protection Board in No. DE-1221-23-0108-W-1.

---

Decided:  April 10, 2025

---

CAMERRON LEWIS BRADBERRY, Lakewood, CO, pro se.

WILLIAM PORTER RAYEL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before DYK, REYNA, and STARK, *Circuit Judges.*

PER CURIAM.

Camerron L. Bradberry petitions pro se for review of a final order of the Merit Systems Protection Board ("Board") denying his individual right of action ("IRA") appeal alleging reprisal for whistleblowing. *See Bradberry v. Dep't of Air Force*, No. DE-1221-23-0108-W-1 (M.S.P.B. Aug. 27, 2024). We *affirm*.

I

In September 2019, Mr. Bradberry was appointed to an excepted service position in the Air Force working for Promotion Board Eligibility at Buckley Air Force Base in Colorado, an appointment "subject to completion of a two year trial period beginning [September 16, 2019]." S. App'x 52.[1]    Shortly after starting his position, Mr. Bradberry was repeatedly instructed by Major Ruben Hernandez, Chief of the Promotion Eligibility Division, of the need to cease distracting behavior and to follow the chain of command. Among other things, Mr. Bradberry failed to show up for work when scheduled, exceeded the 15-minute limit for breaks and 30-minute limit for decorating the directorate for the holidays, and was considered to exhibit an overall unprofessional approach. On January 15, 2020, Senior Airman Marianela Gonzalez sent an email to Major Hernandez detailing Mr. Bradberry's performance issues and complaining that Mr. Bradberry was continuing to make many significant mistakes. S. App'x 62.

Also on January 15, Mr. Bradberry sent an email to Senior Master Sergeant Dawn Couey stating that Staff

---

[1]    References to "S. App'x" are to the supplemental appendix filed by the government with its informal response brief.

Sergeant Jacob Brown had harassed him by "charg[ing] [his] cubicle and block[ing] [his] entry/exit[,] . . . yelling at [him,]" and "waving his hands around in [Mr. Bradberry's] face." S. App'x 61. In February 2020, Major Hernandez notified Mr. Bradberry that he was being terminated from his employment due to his "distracting behavior towards coworkers and the office as well as not following proper procedures or instructions." S. App'x 66.

Mr. Bradberry filed a complaint with the Office of Special Counsel alleging retaliation for whistleblowing, and the Office notified him in January 2023 that it had terminated its investigation. In January 2023, Mr. Bradberry filed an IRA appeal with the Board, alleging that he was removed in retaliation for his January 15, 2020, email, which he alleged was protected whistleblower activity. In an initial decision denying Mr. Bradberry's request for corrective action, the administrative judge ("AJ") determined that Mr. Bradberry's email was a protected disclosure and that this protected disclosure was a contributing factor in the Air Force's decision to terminate him. The AJ nonetheless denied corrective action, assuming arguendo that he was not a probationary employee and applying the factors laid out in *Carr v. Social Security Administration*, 185 F.3d 1318 (Fed. Cir. 1999), to determine[e] that the Air Force demonstrated by clear and convincing evidence that it would have terminated Mr. Bradberry even absent this protected disclosure. On August 27, 2024, the full Board denied Mr. Bradberry's petition for review and affirmed the AJ's decision, and the AJ's decision became final.[2]

---

[2] Mr. Bradberry initially filed a petition for review of the AJ's initial decision with this court before the Board

Mr. Bradberry subsequently petitioned this court for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

This court must affirm a decision of the Board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). An agency decision is supported by substantial evidence if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). "[T]he Board's credibility determinations are virtually unreviewable on appeal." *Briley v. Nat'l Archives & Recs. Admin.*, 236 F.3d 1373, 1377 (Fed. Cir. 2001) (internal quotation marks omitted).

In the context of whistleblower retaliation, once an employee has shown by preponderant evidence that a protected disclosure was a contributing factor in the challenged personnel action, the agency may rebut the claim by showing, by clear and convincing evidence, "that it would have taken the action even in the absence of the protected disclosure." *Kewley v. Dep't of Health & Hum. Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). "Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established." 5 C.F.R.

---

had considered his petition for review. On November 6, 2023, this court granted the Air Force's motion to dismiss that petition for review. *See* Order, *Bradberry v. Dep't of Air Force* (No. 23-2289), ECF. No. 13.

§ 1209.4(e). This analysis involves consideration of the three factors laid out by this court in *Carr*:

(1) the strength of the agency's evidence in support of its personnel action;

(2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and

(3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.

185 F.3d at 1323.

In his petition for review, Mr. Bradberry challenges the Board's application of the *Carr* factors. As to the first *Carr* factor, the Board's finding that the Air Force's reasons for terminating Mr. Bradberry's appointment "represent[ed] strong evidence supporting termination" is supported by substantial evidence. S. App'x 24.[3] Contrary to Mr. Bradberry's suggestion that "[t]he Air Force provided no evidence of wrong doing," Pet'r's Informal Br. 2, the Board found credible Major Hernandez's testimony and considered that Mr. Bradberry regularly showed up late to work or failed to show up at all, improperly indicated an intent to use sick leave due to inclement weather, did not answer incoming phone calls, made careless mistakes, and worked on a matter after being instructed not to work on the matter. *See* S. App'x 15–20. The Board's credibility determination is virtually unreviewable on petition for review, *Briley*,

---

[3] Even though the Board assumed that Mr. Bradberry was not a probationary employee, it apparently credited testimony that his superiors believed that he was and acted consistently with that view.

236 F.3d at 1377, and we conclude that its consideration of the first *Carr* factor is supported by substantial evidence.

The Board reasonably concluded that the second *Carr* factor "weighs very minimally" in favor of Mr. Bradberry because Major Hernandez had "no personal motive to retaliate against" him and, "at best, a slight professional motive to retaliate against him." S. App'x 26. The Board found that Mr. Bradberry's protected disclosure regarding his January 15, 2020, interaction with Staff Sergeant Brown "was not directed at Hernandez" and "did not implicate [him] in any way." S. App'x 25.

The Board found that the third *Carr* factor was neutral, since there was no evidence of similarly situated employees who were not whistleblowers. This is consistent with our case law, as we have held that "the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the analysis." *Rickel v. Dep't of the Navy*, 31 F.4th 1358, 1366 (Fed. Cir. 2022) (internal citation omitted).

On this record, we conclude that the Board's weighing of the *Carr* factors and its conclusion that the Air Force had shown by clear and convincing evidence that it would have removed Mr. Bradberry absent the protected disclosure is supported by substantial evidence.

## CONCLUSION

We have considered Mr. Bradberry's remaining arguments and find them unpersuasive. We affirm the decision of the Board.

## AFFIRMED

### COSTS

No costs.